NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY HARRINGTON,<br><br>                           Plaintiff,<br><br>v.<br><br>ALL AMERICAN PLAZAS, INC. and<br>UNITED ASSURANCE CO.,<br><br>                          Defendants. | Civil Action No.: 08-3848 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

### INTRODUCTION

This matter arises out of related contract disputes between Plaintiff, Timothy Harrington, and Defendants, All American Plazas, Inc. ("AAP")[1] and United Assurance Company ("UAC"), respectively. Currently before the Court are three motions: (1) Plaintiff's motion to strike Defendant UAC's Answer and for entry of default, (2) Plaintiff's motion for partial summary judgment on its breach of contract claims, and (3) Defendant AAP's motion for leave to file a sur-reply brief in connection with Plaintiff's motion for summary judgment. The Court has considered the submissions made in support of and in opposition to the foregoing motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's motion to strike UAC's Answer and for entry of default is **denied without prejudice**, Plaintiff's motion for partial summary

---

[1] It appears that Defendant All American Properties, Inc. was incorrectly pled as All American Plazas, Inc. See Pl. 56.1 Statement, ¶ 2. For ease of reference, the Court will refer to such Defendant as "AAP."

judgment on its breach of contract claims is **granted as to liability,** and Defendant UAC's motion for leave to file a sur-reply brief is **denied.**

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff has filed a motion to strike the Answer of Defendant UAC pursuant to Federal Rule of Civil Procedure 12(f) and for entry of Default pursuant to Federal Rule of Civil Procedure 55(a). By way of background, on October 8, 2008, Keith Hemming, Esq. of the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, filed an Answer on UAC's behalf. On March 24, 2009, Mr. Hemming filed a motion to withdraw as counsel for UAC. By way of Order dated April 6, 2009, Magistrate Judge Salas granted Mr. Hemming's motion to be relieved as counsel and directed UAC to retain new counsel no later than May 6, 2009. See CM/ECF Docket Entry No. 26.

UAC is a corporation organized under the International Business Companies Ordinance. See Compl., ¶ 4; UAC Answer, ¶ 4. It is well-settled that a corporate defendant must be represented by counsel. See, e.g., Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir.1966). Nevertheless, to date, UAC has failed to retain new counsel, in violation of this Court's April 6, 2009 Order directing same. The Court has considered the Certification of Charles J. Stoia, filed on behalf of the Plaintiff. No opposition has been filed by UAC. Based on the reasons that follow, Plaintiff's motion to strike and/or for entry of default is denied without prejudice.

First, although Plaintiff's motion to strike was unopposed by UAC, there is no indication that Plaintiff attempted to provide notice of same to UAC. The Certificate of Service attached by Plaintiff indicates that a copy of the motion to strike and/or for entry of default was served upon Thomas Harty, Esq., counsel for co-Defendant, AAP. While the Court is mindful that UAC has apparently violated an Order of this Court in failing to obtain new counsel, and has apparently

chosen not to participate in this litigation, Plaintiff has failed to meet its burden in demonstrating to the Court that sufficient efforts were made to provide notice of the instant motion and request for entry of default to an authorized representative of UAC.

Second, Plaintiff fails to adequately argue how its request falls within the contours of Rule 12(f). Rule 12(f) provides, in relevant part, that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff does not address the language of the rule itself, nor does Plaintiff attempt to argue how Rule 12(f) – which addresses the striking of "redundant, immaterial, impertinent or scandalous" matters – gives the Court the authority to strike UAC's Answer in this instance. Instead, Plaintiff makes the cursory argument that "because UAC has failed to retain counsel in violation of the express terms of the [April 6, 2009] Order and continues to lack representation . . . its Answer should be stricken under Fed. R. Civ. P. 12(f) . . . ." In support of this assertion, Plaintiff cites to a single unpublished decision which is not binding on this Court. In failing to provide a proper legal argument, with supporting legal authority, Plaintiff has given the Court no reasonable basis on which to grant its request at this time.

Accordingly, Plaintiff's motion to strike UAC's Answer and for entry of default is denied without prejudice. To the extent Plaintiff requests that UAC's Answer be stricken as a sanction for its failure to abide by this Court's April 6, 2009 Order, Plaintiff is directed to file an appropriate application under Federal Rules of Civil Procedure 16(f).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**A.     Factual and Procedural Background**

The relevant facts are not in dispute. Plaintiff, Timothy Harrington, was the founder and majority shareholder of Able Energy, Inc. ("Able"), a publicly traded company. (Plaintiff's Rule 56.1 Statement of Undisputed Material Facts, hereinafter referred to as "Pl. 56.1 Statement," ¶ 4). In March 2004, pursuant to a stock purchase agreement, Plaintiff sold his 1,007,300 shares of Able to Defendant AAP, for several million dollars in exchange for cash and certain promissory notes (hereinafter "Original Notes"). (Id., ¶ 5). Thereafter, AAP sought to restructure the remaining balance owed under the Original Notes in February 2005. (Id., ¶ 6). As a result, AAP issued an Amended and Restated Promissory Note (hereinafter "Amended Note") on February 16, 2005 in the amount of $4,750,000.00 to the Plaintiff. (Id., ¶ 7). The Amended Note, which superseded the Original Notes, contained specific payment terms requiring principal and interest payments. (Id., ¶ 8). Defendant AAP failed to make such payments. (Id., ¶ 15). The Amended Note provides that, in the event of a default, the full amount of the note is due and owing, at 18% interest per year and that the Plaintiff would be entitled to attorneys' fees and expenses in collecting any such debt. (Id., ¶ 9).

AAP's payments under the Amended Note were secured by a Financial Guarantee Bond (hereinafter "Original Bond") issued by Defendant UAC. (Id., ¶ 10). On March 24, 2007, AAP extended the surety bond for an additional two years. (Id., ¶ 11). Accordingly, UAC issued a Replacement Financial Guarantee Bond (hereinafter "Replacement Bond") which superseded and replaced the Original Bond. (Id.). Pursuant to the terms of the Replacement Bond: (a) in the event that AAP defaulted on the terms of the Amended Note, UAC would be obligated to pay all sums

owed by AAP to the Plaintiff, (Id., ¶ 13), and (b) Defendants AAP and UAC were both bound to the Plaintiff in the amount of up to $4,800,000.00 (Id., ¶ 12). Plaintiff subsequently provided UAC with notice that AAP had defaulted on its obligations pursuant to the Amended Note. (Id., ¶ 15). The Replacement Bond expired on March 24, 2009. (Id., ¶ 14). Pursuant to the terms of the Amended Note, the entire remaining principal and interest payments of $4.75 million are due. (Id.).

In light of the foregoing, Plaintiff commenced the instant cause of action in July 2008, asserting claims for: (1) breach of the Amended Note as against Defendant AAP, (2) breach of the Replacement Bond as against Defendant UAC, and (3) specific performance as against Defendant UAC. This Court's jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff has now filed a motion for partial summary judgment on its breach of contract claims. Remaining before the Court is also Defendant AAP's related motion for leave to file a sur-reply brief.

**B.     Legal Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as

to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See, e.g., Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**C.      Discussion**

In short, Plaintiff argues that Defendants each breached their respective agreements with Plaintiff upon the expiration of the Replacement Bond, which occurred on March 24, 2009. In particular, Plaintiff claims that pursuant to the terms of the Amended Note, the full balance of principal and interest owed by AAP to Plaintiff became due on the date on which its security expired. The Replacement Bond, which served to secure AAP's payments under the Amended Note, expired on March 24, 2009. Because such payments were not made by AAP on or before March 24, 2009, it is Plaintiff's position that AAP defaulted on its obligations under the Amended Note, thereby constituting a breach of same. In the same vein, pursuant to the terms of the Replacement Bond, Defendant UAC was obligated to pay all sums owed by AAP to Plaintiff (pursuant to the Amended Note) in the event that AAP defaulted. Because AAP did, in fact, default and UAC did not, in fact, make such payments, it is also Plaintiff's position that UAC has failed to meet its obligations under the Replacement Bond, thereby constituting a breach of same.

Defendant AAP does not dispute that it has failed to meet its obligations under the Amended Note. In this regard, AAP chose not to file a statement of material facts in response to that submitted

by the Plaintiff.[2] Local Civil Rule 56.1(a) makes clear that "any material facts not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1. Similarly, Defendant UAC has failed to file any opposition to Plaintiff's motion.[3]

To establish a breach of contract claim under New Jersey law,[4] Plaintiff "has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 2005 WL 2447776, at *4 (N.J. Super. Ct. App. Div. Sept. 22, 2005) (citing Coyle v. Englander's, 199 N.J. Super. 212, 223 (App. Div. 1985)). Having considered the undisputed statements of fact, as well as all supporting documentation submitted by the Plaintiff, the Court finds that Plaintiff has met its burden. For instance, it is undisputed that:

---

[2] To the extent AAP intended the Nocito Affidavit to serve as a response to Plaintiff's Statement of Material Facts Not in Dispute, such does not comply with Local Rule 56.1(a), which requires, in no uncertain terms, that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a).

[3] The Certificate of Service filed by Plaintiff in connection with its motion for summary judgment represents that a copy of same was provided to Keith Hemming, counsel for UAC at that time. See CM/ECF Docket Entry No. 22-8. Accordingly, Plaintiff's motion for summary judgment will be deemed as unopposed as to Defendant UAC.

[4] Since this Court presently exercises its diversity jurisdiction over Plaintiff's Complaint, the law to be applied is that of the forum state – New Jersey. See Am. Cyanamid Co. v. Fermenta Animal Health Co., 54 F.3d 177, 180 (3d Cir. 1995). Furthermore, the parties do not dispute that New Jersey law applies. Accordingly, the Court will apply New Jersey law to Plaintiff's breach of contract claims.

(1). The Amended Note, entered between Plaintiff and Defendant AAP in February 2005, contained specific payment terms requiring principal and interest payments by AAP to Plaintiff in the total amount of $4.75 million. (Pl. 56.1 Statement, ¶¶ 7, 8; Probst Cert., Amended Note, Ex. E).

(2). The Amended Note provides that "the entire remaining principal and interest due on this Note shall be payable in one lump sum, together with all accrued but unpaid interest," on the "termination date" of the Replacement Bond. (Pl. 56.1 Statement, ¶ 8; Probst Cert., Amended Note, Ex. E). Moreover, "in no event shall the final maturity date of this [Amended Note] occur after the earlier to occur of: (i) the expiration of the [Replacement Bond], or (ii) more than five years after the date of the Original Notes." (Id.).

(3). The Replacement Bond, which secured AAP's obligations under the Amended Note, expired on March 24, 2009. (Pl. 56.1 Statement, ¶ 14; Probst Cert., Replacement Bond, Ex. B).

(4). Defendant AAP failed to make such payments on or before March 24, 2009. (Pl. 56.1 Statement, ¶ 15).

(5). The Replacement Bond provides that, in the event AAP defaults on the terms of the Amended Note and fails to cure same, UAC shall pay "all sums then past due" to Plaintiff within thirty (30) days from the date on which UAC was given notice of the default. (Pl. 56.1 Statement, ¶ 13; Probst Cert., Replacement Bond, Ex. B).

(6). Plaintiff provided Defendants AAP and UAC, respectively, with notice of the default and an opportunity to cure same by way of letter dated June 11, 2007. (Pl. 56.1 Statement, ¶ 15; Probst Cert., Ex. F).

In addition to these material facts, which are undisputed and supported by the record, the Court notes that AAP does not challenge the validity of the Amended Note, or the fact that Plaintiff has sustained damages.[5]

In opposing Plaintiff's motion, Defendant AAP does not expressly dispute that Plaintiff has,

---

[5] See, e.g., AAP Opp'n Br. at 8 ("The Plaintiff had an obligation to mitigate his damages and therefore the damages he sustained are not attributable to Plaintiff."); id. at 9 ("Plaintiff did not have to undertake an unreasonable burden to mitigate his losses.").

in fact, established each of the elements of its breach of contract claim;[6] rather, the crux of AAP's opposition is that Plaintiff's motion is premature inasmuch as "discovery is not concluded and thus AAP has been denied the full opportunity to develop the facts relevant to its defenses." (AAP Opp'n Br. at 2).[7]  In this regard, AAP focuses the majority of its opposition on arguing the merits of several of its affirmative defenses, which, it claims, have yet to be developed.  Such affirmative defenses include: (1) "Plaintiff's claim is barred, in whole or in part, because he failed to mitigate damages," (2) "Plaintiff has breached his contractual obligations," (3) "Plaintiff's allegations are barred by the doctrine of unclean hands," (4) "Plaintiff's claims are barred due to his negligence," and (5) Plaintiff "has impaired the collateral, thereby defeating his right to collection." (Id. at 2-3).  Based on the reasons that follow, the Court will nevertheless grant Plaintiff's motion on the issue of liability.

First, the issue of affirmative defenses is not properly before the Court.  Currently before the Court is Plaintiff's motion for summary judgment on its breach of contract claims.  AAP has not filed a cross-motion in opposition to Plaintiff's motion. Most of the affirmative defenses asserted by AAP, in opposition to Plaintiff's motion, are mentioned only briefly, and in a conclusory fashion.

Second, although the gravamen of AAP's opposition to Plaintiff's motion is that it is

---

[6] The Court notes that AAP attempts to make a conclusory argument that "the facts demonstrate that . . . Defendants [sic] are unable to satisfy the criteria for the entry of summary judgment in their favor." (AAP Opp'n Br. at 5).  To the extent the Court should construe this statement as arguing that Plaintiff has failed to establish the elements of its breach of contract claim, AAP has presented the Court with no specific legal arguments, or supporting evidence, to substantiate same. To the contrary, as indicated above, AAP focuses its arguments solely on its affirmative defenses.

[7] To the extent AAP argues that "the facts herein are 'materially disputed' in terms of whether Plaintiff will be eventually entitled to recover any sums from the Defendant,"(AAP Opp'n Br. at 4) the Court reiterates that AAP failed to respond to the statement of undisputed material facts submitted by the Plaintiff, in accordance with Local Civil Rule 56.1.  Accordingly, the material facts set forth by Plaintiff are deemed undisputed for purposes of the instant motion. See L. Civ. R. 56.1.

premature, in general, given that discovery has not been completed and/or that more discovery is necessary before it can adequately address issues related to its affirmative defenses, AAP did not file an appropriate application pursuant to Federal Rule of Civil Procedure 56(f) which allows the Court to deny a motion for summary judgment, or order a continuance of same, where a party opposing such motion adequately shows, by way of affidavit, that it cannot currently present facts essential to its position.[8]  In addition, leave to file the instant motion at this stage of the litigation was granted by Magistrate Judge Salas. (Pl. 56.1 Statement, ¶ 18; AAP Opp'n Br. at 3).  There is no indication on the Court's docket or otherwise that AAP ever filed an appeal of said decision pursuant to Local Civil Rule 72.1(c).  Having chosen not to appeal Magistrate Judge Salas' non-dispositive case management-related decision as to the timing of Plaintiff's motion, AAP may not now collaterally attack such decision in opposing Plaintiff's motion.

Finally, each of the affirmative defenses raised by AAP in its opposition brief presuppose that a breach of the Amended Note has occurred.[9]  To be clear, none of AAP's affirmative defenses attempt to negate the undisputed fact that AAP failed to meet its obligations under the Amended Note; rather, the affirmative defenses raised by AAP in opposition to Plaintiff's motion for summary

---

[8] In particular, Federal Rule of Civil Procedure 56(f) provides that: "[i]f a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

[9] See, e.g., AAP Sur-Reply Br. at 5 (explaining that the "crux" of AAP's argument in opposition to Plaintiff's motion for summary judgment is "that Plaintiff failed to mitigate his damages as mandated by governing law, thus barring his claim.").

judgment each go to the issue of whether Plaintiff is, nevertheless, entitled to damages.[10]  Even if Defendant is ultimately able to show that Plaintiff did, in fact, make insufficient efforts to mitigate his losses – an issue that is not currently before the Court – "that fact might not foreclose [his] entire claim, but would only diminish the damage award by the amount that [he] could have received if [he] had engaged in reasonable mitigation." Jaasma v. Shell Oil Co., 412 F.3d 501, 512-513 (3d Cir. 2005).  Defendant AAP has, therefore, failed to raise a genuine issue of material fact precluding summary judgment on the issue of liability.

The Court notes that AAP has also filed a motion for leave to file a sur-reply brief [CM/ECF Docket Entry No. 36] to "present new evidence supporting it's [sic] opposition to Plaintiff's Motion for Summary Judgment." (AAP Sur-Reply Br. at 3).  As a preliminary matter, sur-reply briefs are not permitted as a matter of right in this district. See L. Civ. R. 7.1(d)(6).  Moreover, in making its request, AAP explains that, because AAP's original counsel withdrew from representation in May 2009, substituted counsel "was left with less than approximately two weeks to respond to the pending Motion." (AAP Sur-Reply Br. at 2).  Curiously, however, there is no indication on the Court's docket or otherwise that AAP ever sought permission for an extension of time in which to properly oppose Plaintiff's motion once new counsel had been retained.  Finally, to the extent AAP seeks to utilize the sur-reply brief to respond to what it claims is a position raised by Plaintiff for the first time in its reply brief, the Court finds any such argument to be meritless.  The "new evidence" sought to be introduced by AAP relates to its failure to mitigate defense.  Such affirmative defense

---

[10] To the extent any of the affirmative defenses asserted by AAP in its opposition brief should, in fact, be construed as attempting to negate one of the elements of Plaintiff's breach of contract claim, AAP has failed to adequately articulate the factual and legal basis of same in opposing Plaintiff's well-supported motion for summary judgment.

was not only raised by AAP in its opposition brief, but was admittedly the "crux" of its argument in opposing Plaintiff's motion. <u>See</u> AAP Sur-Reply Br. at 5. Even if the Court were inclined to grant AAP's request, the Court has considered the substance of its sur-reply brief and finds that such would not change the outcome of this Court's decision on Plaintiff's pending motion given that the Court has reserved on the issue of damages. Lastly, the Court notes that it will <u>not</u> consider AAP's letter to the Court dated August 10, 2009, which constitutes nothing more than an improper attempt at a <u>third</u> bite of the apple.

In light of the foregoing, the Court grants Plaintiff's motion for summary judgment on its breach of contract claims solely as to the issue of liability. The case will proceed on the narrow issue of damages. To the extent Defendants seek discovery on the issue of damages, or any affirmative defenses related thereto, an appropriate application may be made before the Honorable Esther Salas, U.S.M.J.

## **CONCLUSION**

Based on the reasons set forth above, the Court denies, without prejudice, Plaintiff's motion to strike and/or for entry of default, grants Plaintiff's motion for summary judgment on its breach of contract claims as to liability, and denies Defendant AAP's motion for leave to file a sur-reply brief in connection with Plaintiff's summary judgment motion.

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares  
DATE: September 16, 2009                    United States District Judge