**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| -------------------------------------------------X | | |
| | : | **Civil Action No. 08-3848 (JLL)** |
| **Timothy Harrington,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **REPORT AND RECOMMENDATION** |
| v. | : | |
| | : | July 7, 2010 |
| | : | |
| **All American Plazas, Inc., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| -------------------------------------------------X | | |

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

**I.   INTRODUCTION**

Plaintiff, Timothy Harrington, brings this action for breach of contract against Defendants,

All American Plazas, Inc. ("AAP")[1] and United Assurance Company ("UAC").  Currently before

the Court are: (1) Plaintiff's motion to strike Defendant UAC's Answer and for entry of default, and

(2) Plaintiff's motion for attorney's fees and costs.  The Court now agrees with Plaintiff that the

Court should strike UAC's Answer due to its failure to obtain counsel and enter default.  The Court

presents its findings here to the Hon. Jose L. Linares via Report and Recommendation, urging

dismissal.

---

[1] All American Properties, Inc. appears to have been incorrectly pled as All American
Plazas, Inc.  (*See* Docket Entry No. 41 at n.1).

## II.   BACKGROUND

The instant motions relate to UAC's failure to obtain counsel since the middle of 2009.  On October 2, 2008, Keith R. Hemming, Esq., of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, filed an Answer on behalf of both Defendants.  (*See* Docket Entry No. 8).  Mr. Hemming subsequently filed a motion to withdraw as counsel to both Defendants, based in part on UAC's failure to communicate with counsel.  (*See* Docket Entry No. 20-2 at ¶¶ 11-15).  On April 6, 2009, the Court granted McElroy, Deutsch, Mulvaney & Carpenter, LLP's motion to withdraw. The Court ordered AAP and UAC to obtain substitute counsel by May 6, 2009.  (*See* Docket Entry No. 26).  During a telephonic status conference held on May 12, 2009, Brian Corrigan, Esq. participated and indicated that he might enter an appearance on behalf of UAC.  By the telephonic status conference held on May 22, 2009, Mr. Corrigan had still not entered an appearance, and he indicated that UAC had not forwarded a retainer to him.[2]  When UAC still had not obtained substitute counsel, Plaintiff filed a motion to strike Defendant UAC's Answer and for entry of default on June 12, 2009.  (*See* Docket Entry No. 29).

On September 16, 2009, Judge Linares issued an opinion and related order denying without prejudice Plaintiff's motion to strike.  (*See* Docket Entry Nos. 41 and 42).  As stated in the opinion, "While the Court is mindful that UAC has apparently violated an Order of this Court in failing to obtain new counsel, and has apparently chosen not to participate in this litigation, Plaintiff has failed to meet its burden in demonstrating to the Court that sufficient efforts were made to provide notice of the instant motion and request for entry of default to an authorized representative of UAC."

---

[2] As a general practice in each matter, the Court maintains a case journal.  This information was obtained from the Court's notes in that journal.

(Docket Entry No. 41 at 2-3).  Judge Linares also directed that Plaintiff file under Fed. R. Civ. P. 16(f) instead of 12(f) if he wanted UAC's Answer stricken as a sanction for violating the Court's order to obtain counsel.  (*Id.* at 3).

In response, Plaintiff filed the pending motion to strike on December 29, 2009.  (*See* Docket Entry No. 47).  On February 2, 2010, after the return date for the motion, David Burkenroad, Esq. filed an opposition to the motion on behalf of UAC.  (*See* Docket Entry No. 50).  Mr. Burkenroad, however, was an attorney practicing in California and not admitted to practice in New Jersey, as Plaintiff pointed out in his reply.  (*See* Docket Entry No. 49).  On February 26, 2010, John M. Esposito, Esq., who never made an official appearance in the case on behalf of UAC, filed a motion for the *pro hac vice* admission of Mr. Burkenroad stating that he was local counsel to UAC.  (*See* Docket Entry No. 51).  On March 22, 2010, Plaintiff opposed the *pro hac vice* motion and also filed a cross-motion for attorney's fees related to its motion to strike (relief which was also requested in that motion to strike).  (*See* Docket Entry Nos. 52 and 53).  By letter dated June 14, 2010, UAC withdrew its *pro hac vice* motion because Mr. Burkenroad had been suspended by the California Bar and was therefore ineligible for admission in New Jersey.  UAC requested additional time to retain counsel.  (*See* Docket Entry No. 57).  Mr. Esposito asked to be relieved as local counsel to UAC because he was retained solely to file the *pro hac vice* motion to admit Mr. Burkenroad, which was withdrawn.  In an order dated July 1, 2010, the Court granted Mr. Esposito's request and declared that UAC was without counsel.  (*See* Docket Entry No. 60).

The Court now urges that the Plaintiff's motions be granted.

# III.   ANALYSIS

## A.   Motion to Strike Answer and Enter Default

Under Federal Rule of Civil Procedure 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order."  Included as sanctions under Rule 37(b)(2)(A)(ii)-(vii), and under Federal Rule of Civil Procedure 16(f) by incorporation, are orders "(iii) striking pleadings in whole or in part . . . (v) dismissing the action or proceeding in whole or in part; [and] (vi) rendering a default judgment against the disobedient party."  Courts have "inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices."  *Lightning Lube, Inc. v. Witco, Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals enumerated six factors that courts must consider and balance to determine whether to dismiss a plaintiff's lawsuit or strike a defendant's answer.  The factors are: "(1) the extent of the *party's* personal responsibility; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."  *Id*. at 868; *see Cotapaxi Custom Design & Mfg. v. Pacific Design and Mfg.*, no. 07-4378, 2009 WL 749477 at *2 (D.N.J. Mar. 18, 2009).  The Court will address each factor in turn.

<u>*UAC's Personal Responsibility*</u>

The first *Poulis* factor here weighs in favor of dismissal.  Corporations cannot represent themselves *pro se* and must obtain counsel.  *See Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966).  *Pro se* litigants, like all litigants, must comply with Court orders. "When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (citation omitted).  Courts have permitted the entry of default judgment where a party failed to secure substitute counsel following previous counsel's withdrawal. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992) (collecting cases); *see also Ramada Worldwide Inc. v. NPR Hospitality Inc.*, no. 06-4966, 2008 WL 163641 at *3-4 (D.N.J. Jan. 16, 2008) (striking answer and counterclaim and granting default).

UAC has failed to obtain counsel and disregarded the Court's April 6, 2009 Order.  (*See* Docket Entry No. 26).  As Plaintiff argues, UAC alone bears responsibility for failing to obtain counsel following the withdrawal of Mr. Hemming and the Court's Order.  (*See* Plaintiff's Memorandum of Law in Support of Motion to Strike Answer of and Enter Default Against Defendant United Assurance Company, Ltd. ("Pl. Brief") at 5.  In addition to the April 6, 2009 Order, Plaintiff has corresponded with and notified Charles E. Marlin, CEO of UAC, about its failure to obtain counsel and the previous and present motions to strike.  (*See id*. at 7-8).  UAC had notice of its need to obtain counsel and bears full responsibility.

<u>*Prejudice to Plaintiff*</u>

The second *Poulis* factor here weighs in favor of dismissal.  As the Third Circuit Court of Appeals discussed in *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden

imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party. Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). The prejudice here is obvious. Plaintiff cannot pursue his claims against UAC regarding its alleged multimillion dollar contractual obligations to Plaintiff. He is therefore without remedy unless the Court grants the motion to strike and enter default against UAC.

*<u>History of Dilatoriness</u>*

The third *Poulis* factor here weighs in favor of dismissal. As stated in *Poulis*, "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable." 747 F.2d at 868. UAC has shown a long pattern of ignoring the Court's order to obtain substitute counsel and has repeatedly brought in other attorneys to participate briefly who quickly disappear before filing official notices of appearance. The duration of time that has passed since the Court's April 6, 2009 Order that UAC obtain substitute counsel and its even longer history of refusing to participate in or defend this action require the sanctions sought by Plaintiff.

*Willfulness or Bad Faith*

The fourth *Poulis* factor here weighs in favor of dismissal.  Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists.  *See Ware*, 322 F.3d at 224; *Cotapaxi Custom Design & Mfg.*, 2009 WL 749477 at *4.  UAC has not offered any excuse regarding its failure to obtain counsel authorized to do more than participate in a conference or file a *pro hac vice* motion.  In fact, its repeated hiring of counsel for limited purposes shows that UAC does not truly intend to defend this action.  The Court construes this as willful and in bad faith.

*Alternative Sanctions*

The fifth *Poulis* factor here weighs in favor of dismissal.  Where a defendant refuses to comply with court orders, alternative solutions are likely to be ineffective and dismissal is appropriate.  *See Temptime Corp. v. Timestrip PLC*, no. 08-4277, 2009 WL 1560205 at *2 (D.N.J. June 2, 2009) ("[T]he defendant's nonresponsiveness despite notice of these proceedings and the consequences . . . demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default or default judgment will cure the prejudice.  Any other sanction would not address the plaintiff's present inability to proceed to a resolution."); *Cotapaxi Custom Design & Mfg.*, 2009 WL 749477 at *4 (refusing to award alternative sanctions where defendants had many opportunities to appear and defend against the suit and failed to do so, making it impossible for the plaintiff to prosecute its claims).

This Court has gone to great lengths to give UAC the chance to defend itself in this case.  Even after UAC violated the Court's April 6, 2009 Order to obtain substitute counsel, the Court allowed UAC's CEO, Mr. Marlin, to participate in the telephonic status conference held on May 12, 2009 with his potential new counsel, Mr. Corrigan.  The Court also allowed Mr. Corrigan to

-7-

participate in the telephonic status conference held on May 22, 2009 even though he had not yet been retained by UAC. The Court delayed ruling on the present motions to permit UAC additional time to obtain counsel. Even during the June 16, 2010 telephonic status conference after Mr. Esposito, then local counsel to UAC, withdrew the *pro hac vice* motion to admit Mr. Burkenroad, the Court allowed Mr. Esposito to participate on behalf of UAC although he had not made an official appearance. The Court then allowed UAC several more weeks to retain counsel, which it did not. Plaintiff has also gone to great lengths to give UAC the chance to defend itself against this case. "[F]ollowing Mr. Hemming's [sic] withdrawal, Mr. Stoia, Plaintiff's counsel, corresponded directly with Charles E. Marlin, CEO of UAC, regarding UAC's intentions to secure substitute counsel." (*See* Pl. Brief at 7). Plaintiff served his previous motion to strike UAC's Answer on UAC by Federal Express on June 30, 2009. (*See* Docket Entry No. 49 at 3). Plaintiff served his present motion to strike on UAC by Federal Express on December 30, 2009, with a copy also sent to Mr. Marlin by email on December 31, 2009. (*Id.*) Accordingly, the Court finds that alternative sanctions would be ineffective and striking UAC's Answer and permitting the entry of default is the proper sanction.

*Meritoriousness of Defenses*

The Court declines to address the sixth and final *Poulis* factor here as UAC's failure to defend itself properly in this action makes an evaluation of the merits impossible. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware*, 322 F.3d at 221 (citation omitted).

While the Court recognizes that dismissal is a "drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct" (*Poulis*, 747 F.2d at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)), this is the type of case for which dismissal is appropriate. UAC should not be permitted to prevent dismissal

through brief appearances by different counsel either not retained or retained for a very limited purpose.  UAC still fails to retain counsel to defend it in this action, and its efforts to escape penalty should fail here.

**B.      Motion for Attorney's Fees and Costs**

Under Federal Rule of Civil Procedure 16(f)(2), "Instead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  The Third Circuit has held that "substantial justification" exists where there is a "genuine dispute concerning compliance." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007) (citing *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997)) (citation omitted).  To determine if sanctions would be "unjust," a court must consider "the degree of the sanction in light of the severity of the transgression which brought about the failure to [comply]." *Tracinda Corp.*, 502 F.3d at 241. The Court holds that substantial justification does not exist for UAC's failure to comply with the Court's April 6, 2009 Order, and it would not be unjust to award Plaintiff his attorneys' fees and costs incurred because of UAC's violation of that Order.  Whether UAC's failure to obtain counsel is intentional, as we suspect, or negligent, the duration of UAC's failure to comply with the Order and the prejudice to Plaintiff permit the imposition of attorney's fees and costs associated with the current motion to strike and motion for attorney's fees and costs.  Plaintiff's counsel shall file with the Court an affidavit in support of Plaintiff's application for fees and costs within ten (10) days of the adoption of this report and recommendation.

## IV.  CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Linares that Plaintiff's motion to strike Defendant UAC's Answer and for entry of default and Plaintiff's motion for attorney's fees and costs be **granted**.  Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.


s/ Esther Salas_____
**HON. ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**